UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELMER H. POWERS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-930-HAB-SLC |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Elmer H. Powers, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 1993 conviction in Monroe County under Case No. 53C02-9205-CF-00218. (ECF 1.) In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" For the reasons stated below, the petition is dismissed.

I.  BACKGROUND

According to the petition, Powers pled guilty to robbery and other offenses and was sentenced to an aggregate term of 100 years in prison. (ECF 1 at 1.) He appealed, and the Indiana Court of Appeals affirmed in May 1994. (*Id.*) He did not seek review in the Indiana Supreme Court or the U.S. Supreme Court. (*Id.*) In June 1995, he filed a *pro se* petition for post-conviction relief. (*Id.* at 2.) The public defender was appointed to represent him but subsequently withdrew. *State v. Powers*, No. 53C02-9205-CF-00218

(Monroe Cir. Ct. docket entry May 27, 1998).[1] Powers elected to proceed *pro se*, but after he failed to appear for a hearing and take other action on his petition, the petition was dismissed. *Id.* (docket entry Jan. 31, 2000). He did not seek review in the Indiana Court of Appeals or the Indiana Supreme Court. (ECF 1 at 2.) In September 2024, he sought authorization to file a successive post-conviction petition, which the Indiana Court of Appeals denied on October 25, 2024. (*Id.*)

On November 15, 2024, he tendered his federal petition to prison officials for mailing. (*Id.* at 7.) The court understands him to be asserting the following claims: his trial counsel was ineffective in connection with his guilty plea and in investigating the case; his appellate counsel was ineffective in failing to raise certain arguments on direct appeal; and the trial judge was biased against him and abused his discretion in imposing the sentence. (*Id.* at 3-6.)

II.   ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[1] The court is permitted to take judicial notice of public records in ruling on the petition. *See* Fed. R. Evid. 201.

> of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Powers' conviction became final prior to the adoption of AEDPA, and he therefore had one year from the date of its enactment, or until April 1997, to pursue federal habeas relief. *De Jesus v. Acevedo*, 567 F.3d 941, 942 (7th Cir. 2009); *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000). As of April 1997 he had a state post-conviction pending, which tolled the federal deadline. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The federal deadline remained tolled until the state post-conviction proceeding came to an end in January 2000. Powers did not seek habeas relief within a year of that date, and instead waited more than two decades to file his federal petition. He recently sought authorization to pursue a successive post-conviction petition, but the federal deadline had long expired when he filed this request. The state court's denial of his request did not "restart" the federal deadline or open a new "window" for habeas review. *De Jesus*, 567 F.3d at 942-43.

When asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Powers states as follows:

> Petitioner filed this petition as soon as he was advised of serious constitutional errors by an inmate law clerk. Petitioner is of limited educational ability. Petitioner has consistently been having serious mental health issues. Petitioner has been impaired by seizures, brain tumors, and has been incapacitated by a stroke. Petitioner is currently in the prison infirmary being diagnosed and treated for additional brain tumors. Petitioner cannot write, and has no ability to hold a pen for any length of time.
>
> Petitioner has been and is unable to meaningfully raise his issues in a post-conviction proceeding, and the Indiana courts refuse to address his issues on the merits. Cognitive and physical disabilities had prevented him from raising issues on post-conviction review. A fellow prisoner read Petitioner's paperwork, recognized serious constitutional errors, notified Petitioner, and helped him raise those issues here. "AEDPA" does not apply as a bar, as issues raised were found for post-conviction, and raised here immediately.

(ECF 1 at 7.)

Although unclear, he may be trying to invoke statutory tolling under 28 U.S.C. § 2244(d)(1)(D). That provision holds that a claim must be filed within one year of the date "on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The clock starts running "at the time a reasonable person would have discovered those facts." *Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013). To qualify for statutory tolling, the petitioner must show that he could not have reasonably discovered the facts underlying his claims any earlier than he did. *Id.*

Powers does not explain what new facts he recently discovered. Instead, he appears to be claiming that he only recently discovered the legal significance of facts

4

that were already known to him. This does not implicate § 2244(d)(1)(D). *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). In rejecting the application of § 2244(d)(1)(D) in a similar circumstance, the Seventh Circuit explained:

> [Petitioner] proposes that the year to file a federal petition begins when a prisoner actually understands what legal theories are available. That is not what § 2244(d)(1) says. . . . [T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance.

*Id.* Under these circumstances, the court cannot conclude that § 2244(d)(1)(D) applies.

There is also no indication that one of the other provisions of § 2244(d) applies to delay the accrual of his claims. He does not assert, nor does the court find any basis to conclude, that any of his claims are based on a new Supreme Court case made retroactive to cases on collateral review. Instead, he asserts straightforward claims of ineffective assistance of counsel and errors at sentencing, which would have been available to him for two decades. He also does not assert that a state-created impediment prevented him from filing his federal petition on time.

He may be trying to invoke equitable tolling, a common law doctrine that can excuse an untimely filing if the petitioner establishes he "has been pursuing his rights diligently" but was prevented from filing on time due to some "extraordinary circumstance" that stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is "an extraordinary remedy that is rarely granted." *Mayberry v. Dittmann*, 904 F.3d 525, 529 (7th Cir. 2018) (citation and internal quotation marks omitted). "Extraordinary circumstance" means something "beyond the applicant's control, that prevents timely filing[.]" *Perry v.*

*Brown*, 950 F.3d 410, 412 (7th Cir. 2020). Whether a particular situation warrants equitable tolling is a fact-specific determination. *Holland*, 560 U.S. at 652.

Powers' lack of knowledge of applicable procedures and limited knowledge of the law do not provide grounds for equitable tolling. *Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014) ("[P]risoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

A physical or mental impairment can provide grounds for equitable tolling. *Perry*, 950 F.3d at 412. Powers claims to have several impairments, although he does not provide documentation to support this, nor does he specify exactly what portion of the past two decades he was allegedly incapacitated. Even assuming he suffered these impairments, "[e]quitable tolling is available only to applicants who diligently tried to protect their rights." *Perry*, 950 F.3d at 412. Powers must show that he acted diligently and pursued federal habeas relief as soon as he was physically and mentally capable of doing so. *Mayberry*, 904 F.3d at 529. The public docket in his criminal case reflects that he had the physical and mental capacity to file *pro se* motions to modify his sentence in 2011 and 2016. *See Powers*, 53C02-9205-CF-00218 (docket entries Mar. 17, 2011, and Feb. 9, 2016). He also sought leave to pursue a successive post-conviction petition in September 2024. (ECF 1 at 2.) If he was capable of filing these documents in state court during that period, the court cannot conclude that he acted diligently in waiting until

6

November 2024 to pursue federal habeas relief. *Mayberry*, 904 F.3d at 529-30 (habeas petitioner who was capable of filing documents in state court during the relevant period did not qualify for equitable tolling). The extraordinary remedy of tolling is not warranted under these circumstances.

Therefore, the petition is untimely and must be dismissed. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As outlined above, Powers' petition is untimely by more than two decades, and he does not provide an arguable basis for excusing its untimeliness. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition, even if he did assert a valid constitutional claim. He will not be granted a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES the petitioner a certificate of appealability; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on December 3, 2024.

*s/Holly A. Brady*
CHIEF JUDGE
UNITED STATES DISTRICT COURT
